UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNY GOYNE and FELISHIA GOYNE, | No. 2:16-cv-00183-SAB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR EMERGENCY INJUNCTION; ORDER TO SHOW CAUSE** |
| WELLS FARGO BANK NA, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Emergency Injunction, ECF No. 3. The motion was heard without oral argument.

Plaintiffs Denny and Felishia Goyne filed their Complaint for Quiet Title for Real Property on May 31, 2016. ECF No. 1. Plaintiffs maintain that Defendant Wells Fargo Bank NA illegally foreclosed on their property. They assert they have a Land Patent on their land in their name that is superior and conclusive evidence of legal title to the property in question.

According to the Complaint, an Unlawful Detainer action was commenced in Grant County Superior Court. Plaintiffs challenged the state court's jurisdiction to rule on the action based on their theory that their land patent was superior to the Deed of Trust. The court denied Plaintiff's Motion to Dismiss, granted the Unlawful Detainer, and ordered the issuance of a Writ of Restitution. The Writ of Restitution authorizes the Grant County Sheriff to physically remove any persons

**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION; ORDER TO SHOW CAUSE ~ 1**

or property remaining at the property in question three days after service of the writ is effectuated.

Plaintiffs are asking this Court to recognize the Land Patent as the true highest evidence of ownership, issue a Quiet Title for the property in question, and issue an emergency injunction to prevent them from being evicted from the property.

## ANALYSIS

Plaintiffs are asking this Court for relief that it does not have the authority to give. Federal courts are courts of limited jurisdiction. *Kelly v. Wengler*, 2016 WL 2957132, *5, __ F.3d __ (9th Cir. May 23, 2016). They possess only that power authorized by the Constitution and federal statutes. *Exxon Mobil Corp. v. Allapattah Serv. Inc.*, 545 U.S. 546, 552 (2005).

Plaintiffs' request to recognize their Land Patent as superior title does not provide this Court with subject matter jurisdiction. *Landi v. Phelps*, 740 F.2d 710, 713 (9th Cir. 1984) (noting that disputes involving real property deriving from a federal land patent do not implicate federal question jurisdiction). Federal land patents do not transform a property dispute into a matter of federal concern once the conveyance is made. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). "[M]ere allegation of a federal source of title does not convert an ordinary ejectment action into a federal case." *Oneida Indian Nation of N.Y. State v. County of Oneida, NY*, 414 U.S. 661, 683 (1974) (J. Rehnquest, concurring, joined by J. Powell). As the Supreme Court explained in 1912:

> [a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every

**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION; ORDER TO SHOW CAUSE ~ 2**

suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws. *Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912). The *Shulthis* Court noted "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." *Id.* at 570. Because Plaintiff's claim does not involve a federal question, the Court does not have subject matter jurisdiction over the Complaint.

In addition, Plaintiffs are asking this Court to review the state court's issuance of a Writ of Restitution. A United States District Court "has no authority to review final judgments of the state court in judicial proceedings." *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 473 (1983); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923). The rationale behind the *Rooker-Feldman* doctrine is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court. *Bennett v. Yoshine*, 140 F.3d 1218, 1223 (9th Cir. 1998) (citation omitted).

Consequently, the Court does not have jurisdiction to review the state court's granting of the Unlawful Detainer action. To the extent Plaintiffs are asking the Court to revisit the state court's determination that Defendant is entitled to possess the property, it does not have the authority to do so.

Finally, as set forth above, it does not appear the Court has subject matter jurisdiction over Plaintiffs' claims presented in their Complaint. Subject matter jurisdiction is not waivable. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988). Federal courts are required sua sponte to examine jurisdictional issues. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Plaintiffs are ordered to show cause why this action should not be dismissed for lack of subject matter

**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION; ORDER TO SHOW CAUSE ~ 3**

jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion for Preliminary Injunction, ECF NO. 3, is **DENIED**.

2.    On or before **August 15, 2016**, Plaintiffs are ordered to show cause why the above-captioned action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to Plaintiffs and counsel.

**DATED** this 13th day of July, 2016.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION; ORDER TO SHOW CAUSE ~ 4**